ON REHEARING
PER CURIAM.
We granted limited rehearing in this ease to consider the “issues of sanctions and frivolous appeal.” The majority decision directed that Bilbe pay $1,500.00 in attorney’s fees to Allen Borne. The decision erroneously recites that Louisiana Code of Civil Procedure Article 863 allow the granting of such fees as sanctions when an attorney files frivolous pleadings with this court. This article grants the lower courts authority to impose such fees as a sanction only after a hearing. This court’s appellate authority to award attorney fees as damages is contained in La. C.C.P. article 2164. This article provides:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”
Re-examining the record on rehearing, however, we noticed appellee did not file a timely answer to Bilbe’s appeal requesting “damages” for the filing of this frivolous appeal. The request for such fees appears for the first time in appellee’s brief filed in response to the original brief of Interve-nor/Appellant/Bilbe. La.C.C.P. article 2133 clearly states:
“A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such eases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later .... ”
Thus, the award of attorney’s fees as damages for this frivolous appeal is rescinded. In all other respects the rehearing is denied. [1] a